ORIGINAL

# In the United States Court of Federal Claims

**FILED**
OCT 22 2015
U.S. COURT OF
FEDERAL CLAIMS

No. 15-243C
(Filed: October 22, 2015)

| | |
|---|---|
| PHIL IVALDY, ) | |
| ) | |
|     *Pro Se* Plaintiff, ) | |
| ) | Pro Se; Motion to Dismiss; Lack of |
| v. ) | Subject Matter Jurisdiction; RCFC |
| ) | 12(b)(1) |
| THE UNITED STATES, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS**

FIRESTONE, *Judge*.

**I. Introduction**

Pro se plaintiff Phil Ivaldy alleges that he and other members of informal groups named the Loral Stockholder Protective Committee ("LSPC") and American Shareholder Rights were shareholders of Loral Space and Communications Ltd. ("Loral"), which filed for Chapter 11 bankruptcy protection in 2003 as part of an agreement to sell assets to another company. See Pl.'s Resp. 5. Mr. Ivaldy seeks damages of $2,000,000,000 based on actions of the United States Bankruptcy Court for the Southern District of New York ("the bankruptcy court") and the United States District Court for the Southern District of New York ("the district court"), in connection with Loral's bankruptcy proceeding. See Compl. 1-2; Pl.'s Resp. 6. Mr. Ivaldy asserts that the bankruptcy court's and district

court's decisions resulted in a Fifth Amendment taking of his interest in the corporation and deprived him of access to the federal courts in violation of his rights under the Privileges and Immunities Clause of Article IV of the Constitution. See Compl. 1-2; Pl.'s Resp. 6. Mr. Ivaldy also claims that the actions of the bankruptcy court and the district court deprived him of his right to "uniform bankruptcy laws" and deprived him of his constitutional due process rights, or that the entire bankruptcy court system is unconstitutional. See Compl. 1-2. Mr. Ivaldy filed his original complaint on March 9, 2015 and filed an amendment to the complaint on March 13, 2015.[1]

On May 5, 2015, defendant United States ("the government") filed a motion to dismiss the complaint, as amended, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). The government argues that this court lacks jurisdiction to hear Mr. Ivaldy's takings claim because it would require the court to review the actions of other federal courts and this court does not have jurisdiction to "entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal." Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir. 2001)). The government further argues that the other constitutional provisions cited by Mr. Ivaldy are not money mandating. Specifically, the government points to Federal Circuit precedent holding that

---

[1] In the cover sheet for his original complaint, Mr. Ivaldy notes that this case is related to five cases that appear to have been heard in the bankruptcy court and the district court for the Southern District of New York: "03-41710-RDD," "04-CIV-8645-RPP," "05-7975-VM," "06-3720-BK," and "08-510."

neither the Due Process Clause nor the Privileges and Immunities Clause provide for the payment of money. See May v. United States, 534 F. App'x 930, 933 (Fed. Cir. 2013). In the alternative, the government argues that Mr. Ivaldy fails to allege facts showing that the actions of the bankruptcy court or the district court constitute a taking of Mr. Ivaldy's property or a violation of Mr. Ivaldy's constitutional rights, requiring the court to dismiss the amended complaint for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6).

In his response, filed August 5, 2015, Mr. Ivaldy repeats the allegations in his amended complaint and states that he "does not seek to overturn the District Court'[s] order" confirming Loral's plan of reorganization. Pl.'s Resp. ¶ 23. Instead, Mr. Ivaldy

> seek[s] to hold the United States Federal Government accountable for depriving the Plaintiff of access to the Federal Courts under the Privileges and Immunities Clause of Article IV, Section 2 of the United States Constitution and for depriving the Plaintiff of his shareholder assets under the Fifth Amendment taking clause of the United States Constitution that existed at the time the Bankruptcy Court issued its Order Confirming [Loral's plan of reorganization].

Id.

The court has determined that oral argument is not necessary. For the reasons that follow, the government's motion to dismiss pursuant to RCFC 12(b)(1) is **GRANTED**.[2]

---

[2] Because the court does not have jurisdiction, it does not reach the government's alternative grounds for dismissal pursuant to RCFC 12(b)(6).

## II. Legal Standards

A pro se complaint is held "to less stringent standards than formal pleadings drafted by lawyers." Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, a pro se plaintiff must nevertheless meet jurisdictional requirements. Mora v. United States, 118 Fed. Cl. 713, 715 (2014) (citing Kelley v. U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987); Bernard v. United States, 59 Fed. Cl. 497, 499 (2004)).

The plaintiff bears the burden of establishing subject matter jurisdiction and must do so by a preponderance of the evidence. Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff. See Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993). However, if a motion to dismiss for lack of jurisdiction challenges the truth of the alleged jurisdictional facts, a court is not restricted to the face of the pleadings and may review extrinsic evidence in order to establish the predicate jurisdictional facts. Id. at 1584; see also Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014).

The Tucker Act, 28 U.S.C. § 1491, grants this court jurisdiction over claims against the government that are founded on the Constitution, laws, treaties, or contracts of the United States. See, e.g., Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). However, the Tucker Act does not creates substantive

4

rights; it only waives sovereign immunity for claims premised on other sources of law, such as statutes or contracts, that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting United States v. Mitchell, 463 U.S. 206, 216-17 (1983)).

### III. Discussion

Mr. Ivaldy's claims arise from Loral's Chapter 11 bankruptcy proceeding. See Compl. 1; Pl.'s Resp. 5. Mr. Ivaldy alleges that the bankruptcy court undervalued Loral's assets, causing the bankruptcy court to find that Loral's liabilities were greater than its assets and approve a plan of reorganization that resulted in Mr. Ivaldy's stock losing value. See Comp. 3; Pl.'s Resp. 5-6.[3] Mr. Ivaldy further alleges that after the bankruptcy court confirmed Loral's plan of reorganization, the district court improperly denied LSPC's appeals. See Comp. 4-5; Pl.'s Resp. 3-4.[4] Mr. Ivaldy also notes that he unsuccessfully appealed the district court's decision to the United States Court of Appeals for the Second Circuit and the United States Supreme Court. See Comp. 5; Pl.'s

---

[3] See generally In re Loral Space & Commc'ns, Ltd., No. 04-CIV-8645, 2004 WL 2979785 (S.D.N.Y. Dec. 23, 2004) (reversing bankruptcy court's denial of the LSPC's motion to appoint an examiner, In re Loral Space & Commc'ns Ltd., 313 B.R. 577 (Bankr. S.D.N.Y. 2004), and remanding for the bankruptcy court to appoint a qualified independent examiner).

[4] See generally In re Loral Space & Commc'ns, Ltd., 342 B.R. 132 (S.D.N.Y. 2006) (dismissing LSPC's appeal of the Bankruptcy Court's confirmation order, and an order denying a motion of the Official Committee of Equity Security Holders for leave to prosecute a fraudulent conveyance claim, as moot after Loral's reorganization plan had been substantially consummated, noting that LSPC had not attempted to stay the reorganization plan); see also In re Loral Space & Commc'ns Ltd., 346 B.R. 71 (S.D.N.Y. 2006) (denying motion for reconsideration).

Resp. 4.[5]  In this court, Mr. Ivaldy states that he does not seek to overturn the bankruptcy court's order confirming Loral's plan of reorganization but does seek to hold the federal government accountable for violations of his constitutional rights and for taking his shareholder assets that existed at the time the bankruptcy court issued the confirmation order.  See Pl.'s Resp. 6.  He is seeking $2,000,000,000 for these claims.

      A.      **Mr. Ivaldy's Fifth Amendment Takings Claim would Require this Court to Review the Actions of the Bankruptcy Court and the District Court.**

The court agrees with the government that it lacks jurisdiction to hear Mr. Ivaldy's takings claim because doing so would require the court to review the actions of the bankruptcy court and the district court.  While Mr. Ivaldy argues that he does not seek to overturn the bankruptcy court's and the district court's approval of Loral's plan of reorganization, Mr. Ivaldy contends that the actions of the bankruptcy court and the district court in confirming the plan of reorganization deprived him of shareholder assets in violation of the Fifth Amendment's Takings Clause.  In support of this claim, Mr. Ivaldy alleges that the bankruptcy court, in approving Loral's plan of reorganization, failed to properly value Loral's assets and that, as a result, Mr. Ivaldy's shares lost value.  Therefore, it was the bankruptcy court's and the district court's approval of the plan of reorganization that caused the taking.

---

[5] See generally In re Loral Space & Commc'ns Ltd., 266 F. App'x 52 (2d Cir. 2008) (affirming the district court's denial of motion for reconsideration and finding that the underlying issue, whether the district court properly dismissed LSPC's appeal as moot, had been waived), cert. denied sub nom., Ivaldy v. Loral Space & Commc'ns Ltd., 555 U.S. 1126 (2009), reh'g denied, 556 U.S. 1122 (2009).

The Federal Circuit has consistently held that this court cannot hear a takings claim that requires review of another court's decision. As noted above, in Vereda, Ltda. v. United States, the Federal Circuit concluded that this court cannot "'scrutinize the actions of' another tribunal." 271 F.3d at 1375 (quoting Allustiarte, 256 F.3d at 1352); see also Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts."). Similarly, in Allustiarte v. United States, the Federal Circuit held that this court lacks jurisdiction over challenges to the actions of bankruptcy courts and trustees. See 256 F.3d at 1351-52. As the Federal Circuit explained in Allustiarte, plaintiffs who are dissatisfied with a bankruptcy court decision may appeal to a district court and then to a court of appeals; "[t]o permit collateral attacks on bankruptcy court judgments would 'seriously undercut[] the orderly process of the law.'" Id. at 1352 (citing Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995)). In this case, it is impossible to consider Mr. Ivaldy's takings claim without reviewing the alleged errors in the valuation of Loral's assets and liabilities by the bankruptcy court and the district court. Mr. Ivaldy's takings claim would be based on this court's disagreement with the bankruptcy court's valuation.[6] In sum, Mr. Ivaldy's options for challenging that valuation was limited to

---

[6] Compare Alley's of Kingsport, Inc. v. United States, 103 Fed. Cl. 449, 452 (2012), and Colonial Chevrolet Co. v. United States, 103 Fed. Cl. 570, 572 (2012), where the plaintiff Chrysler and GM automobile dealerships alleged that Fifth Amendment takings occurred when the government advised Chrysler and GM to terminate the dealerships' franchise agreements in bankruptcy proceedings as part of obtaining financial assistance under the Troubled Asset Relief Program (TARP). The court rejected the government's analogy to Allustiarte because the court was "not asked to review bankruptcy court rulings in the administration of a bankruptcy . . . ." Alley's, 103 Fed. Cl. at 451; Colonial, 103 Fed. Cl. 572. Instead, the Alley's and Colonial plaintiffs claimed that "the [g]overnment's alleged control of the TARP restructuring process

appeals to the district court, the Court of Appeals, and the Supreme Court. The bankruptcy court's valuation cannot be reviewed in this court.

### B. This Court Lacks Jurisdiction to Hear Mr. Ivaldy's Remaining Claims because the Cited Constitutional Provisions are not Money Mandating.

This court also does not have jurisdiction to hear Mr. Ivaldy's claims based on the Fifth Amendment's Due Process Clause and Article IV's Privileges and Immunities Clause, and Mr. Ivaldy's claims challenging the application of the bankruptcy laws or the constitutionality of the bankruptcy courts, because the provisions Mr. Ivaldy cites are not money mandating.

Mr. Ivaldy asserts that this court has jurisdiction to hear his case under the Tucker Act, 28 U.S.C. § 1491, because he claims money damages "aris[ing] from the United States Constitution, Federal Statutes, and executive regulations." Compl. 2. However, the Tucker Act provides a waiver of sovereign immunity but not a substantive right to money damages. See, e.g., Jan's Helicopter Serv., 525 F.3d at 1306. The Federal Circuit has identified three types of underlying monetary claims: claims alleging the existence of a contract between the plaintiff and the government; claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum"; and claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Ontario Power Generation, Inc. v.

---

resulted in a Fifth Amendment taking . . . ." Alley's, 103 Fed. Cl. at 452; Colonial, 103 Fed. Cl. at 573; see also A & D Auto Sales v. United States, 748 F.3d 1142, 1156 (Fed. Cir. 2014) (on appeal, finding that bankruptcy court's findings on good faith did not estop plaintiffs from arguing in this litigation that the government coerced the automakers into action).

8

United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004) (quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1007-08 (Ct. Cl. 1967)). Mr. Ivaldy's claims fall into the third category, which are "commonly referred to as claims brought under a 'money-mandating' statute." Id. However, claims in this category "require that the 'particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum.'" Id. (quoting Eastport S.S., 372 F.2d at 1007). In this connection, "neither the Fifth Amendment Due Process Clause . . . nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court because the Fifth Amendment is not a source that mandates the payment of money to plaintiff." McCullough v. United States, 76 Fed. Cl. 1, 4 (2006) (citing Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). Additionally, the authority to establish "uniform Laws on the subject of Bankruptcies throughout the United States," under Article I, Section 8 cannot fairly be interpreted as mandating compensation by the federal government. Cf. Struck v. United States, No. 15-788, 2015 WL 4722623, at *2 (Fed. Cl. Aug. 7, 2015) (finding that the list of congressional powers in Article I, Section 8 is not money mandating). Therefore, this court lacks jurisdiction to hear Mr. Ivaldy's remaining constitutional claims.

**IV.  Conclusion**

For these reasons, the government's motion to dismiss Mr. Ivaldy's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) is **GRANTED**. The Clerk is directed to enter judgment accordingly. No costs.

IT IS SO ORDERED.

                                                                      NANCY B. FIRESTONE
                                                                      Judge